Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WALESKA IVETTE IRIZARRY ROSAS<br><br>Recurrida<br><br>v.<br><br>ROBERTO DANIEL ACOSTA MARTÍN, Y OTROS<br><br>Peticionario | KLCE202400581 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm. ISCI201600358<br><br>Sobre: Liquidación de Sociedad de Bienes Gananciales |

Panel integrado por su presidenta la Jueza Ortiz Flores, la Jueza Romero García y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante *nos*, Roberto D. Acosta Martín (Acosta Martín o peticionario) y nos solicita que revisemos una *Resolución* emitida el 23 de abril de 2024 y notificada el 25 de abril de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción Solicitando Determinación de Hechos Esenciales y Pertinentes Sobre los Cuales No Hay Controversia Sustancial de Conformidad con la Regla 36.4 de Procedimiento Civil*.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

**I.**

El 6 de abril de 2016, Waleska I. Irizarry Rosas (recurrida) presentó una *Demanda* en contra de Acosta Martín, sobre liquidación de la Sociedad Legal de Bienes Gananciales que estuvo constituida entre ambos. Oportunamente, el 1 de agosto de 2016, la

parte peticionaria presentó una *Contestación a Demanda*. Luego, el 20 de septiembre de 2021, la parte recurrida presentó una *Demanda Enmendada* en la cual incluyó como codemandados a varias corporaciones y/o entidades. Consecuentemente, el 24 de mayo de 2022, el peticionario presentó una *Contestación a Demanda Enmendada*.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 18 de septiembre de 2023, el peticionario presentó una *Moción Bajo la Regla 36.4 de Procedimiento Civil*. Entretanto, el 10 de noviembre de 2023, la parte recurrida presentó una *Oposición a Solicitud de Sentencia Sumaria*. Así, el 4 de diciembre de 2023, el peticionario presentó una *Réplica a Oposición a Solicitud de Sentencia Sumaria*.

Ulteriormente, el 1 de abril de 2024, el TPI emitió una *Resolución y Orden* mediante la cual declaró *No Ha Lugar* la solicitud de sentencia sumaria que presentó la parte peticionaria. Dicho dictamen fue notificado a las partes el 3 de abril de 2024. Así las cosas, el 18 de abril de 2024, la parte peticionaria presentó una *Moción Solicitando Determinación de Hechos Esenciales y Pertinentes Sobre los Cuales No Hay Controversia Sustancial de Conformidad con la Regla 36.4 de Procedimiento Civil*. El 23 de abril de 2024, el foro *a quo* emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción Solicitando Determinación de Hechos Esenciales y Pertinentes Sobre los Cuales No Hay Controversia Sustancial de Conformidad con la Regla 36.4 de Procedimiento Civil*.

Insatisfecho con esa determinación, el 24 de mayo de 2024, la parte peticionaria acudió ante *nos* mediante un recurso de *certiorari* y señaló la comisión del siguiente error:

> **Conforme a la Regla 36.4 de Procedimiento Civil de Puerto Rico, erró el Tribunal de Primera Instancia al declarar no ha lugar la "Moción solicitando determinación de hechos esenciales y pertinentes**

**sobre los cuales no hay controversia sustancial de conformidad con la Regla 36.4 de Procedimiento Civil" presentada por el demandado aquí recurrente. Es decir, por desestimar una moción de sentencia sumaria sin cumplir con lo que requiere obligatoriamente la Regla 36.4 de Procedimiento Civil a los efectos de hacer determinaciones sobre los hechos que están no están [sic] en controversia y sobre los que están en controversia.**

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 31 de mayo de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 24 de junio de 2024, la parte recurrida presentó una *Solicitud de Desestimación y en la alternativa, Oposición a Expedición de Auto; y Alegato en Oposición a Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024). Véase, además, *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser

subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011).  Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989).  En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase,

además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

Consecuentemente, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022). La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Así, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra*; *Mun. de Rincón v. Velázquez Muñiz*, 192 DPR 989,1018 (2015). Por lo tanto, se debe cumplir estrictamente todo el procedimiento para apelar o de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz, supra*; *Pueblo v. Prieto Maysonet*, 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Yumac Home v. Empresas Massó, supra*; *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012).

## B. Enmiendas o determinaciones iniciales o adicionales

Según se conoce, la Regla 52.2 (b) de Procedimiento Civil (32 LPRA Ap. V) establece, entre otras cosas, que,

> [l]os recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari.

De otro lado, la Regla 32 del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, establece que,

> [e]l recurso de certiorari para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto.

Sin embargo, existen varios mecanismos procesales que interrumpen el término para acudir a este tribunal apelativo mediante el recurso de apelación o *certiorari*. Entre estos mecanismos se encuentra la moción de determinaciones de hechos iniciales o adicionales.

La Regla 43.1 de Procedimiento Civil (32 LPRA Ap. V) establece que,

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes si éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente, aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, no haya presentado una moción para enmendarlas o no haya solicitado sentencia.

> **La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto.** (Énfasis nuestro).

Además, la Regla 43.2 de Procedimiento Civil (32 LPRA Ap. V) establece que presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedará interrumpido el término para apelar, para todas las partes. Así, este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución que declara con lugar, deniega la solicitud o dicta sentencia enmendada, según sea el caso. Íd.

Cónsono con lo anterior, la Regla 67.1 de Procedimiento Civil (32 LPRA Ap. V) dispone que se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito. Íd. Es decir, la Regla 67.1 de Procedimiento Civil, *supra*, también exige la notificación simultánea de todo escrito presentado por las partes.

Con relación a los términos de cumplimiento estricto, nuestro máximo Foro ha resuelto que el foro apelativo no goza de discreción para prorrogar tales términos automáticamente. Así, en *Banco Popular de P.R. v. Municipio de Aguadilla*, 144 DPR 651 (1997), el Tribunal Supremo resolvió que los tribunales apelativos solo tenemos discreción para extender un término de cumplimiento estricto cuando la parte que lo solicita demuestra justa causa para la tardanza. Por lo tanto, en ausencia de circunstancias que apunten a la existencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso. *Rojas Lugo v. Axtmayer Enterpsises*, 150 DPR 560 (2000). Es decir, sólo si están

presentes las siguientes dos (2) instancias es que podemos eximir a una parte de observar fielmente un término de cumplimiento estricto, a saber: (1) que realmente y en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, acreditando adecuadamente la justa causa a la que hemos hecho referencia. *García Ramis v. Serralles*, 171 DPR 250 (2007).

### III.

Según surge del tracto procesal que antecede, el 18 de septiembre de 2023, el peticionario presentó una solicitud de sentencia sumaria. Posteriormente, el 10 de noviembre de 2023, la parte recurrida presentó la correspondiente oposición. Oportunamente, el 1 de abril de 2024, el foro *a quo* emitió una *Resolución y Orden* mediante la cual declaró *No Ha Lugar* la solicitud de sentencia sumaria que presentó la parte peticionaria. Dicho dictamen fue notificado a las partes el 3 de abril de 2024.

Insatisfecho, el 18 de abril de 2024, el peticionario presentó una moción solicitando determinaciones de hechos iniciales o adicionales. Según surge del expediente ante *nos,* dicho escrito fue notificado a la parte recurrida el 19 de abril de 2024. Por lo tanto, la parte peticionaria incumplió con el requisito de simultaneidad de la notificación de la moción presentada al amparo de la Regla 43.1 de Procedimiento Civil, *supra.*

Así pues, ante la presentación tardía de una solicitud de determinaciones de hechos iniciales o adicionales que no cumplió con los requisitos de la Regla 43.1 de Procedimiento Civil, *supra,* el término para acudir en apelación no se vio interrumpido y el mismo comenzó a transcurrir una vez archivada en autos copia de la notificación de la *Resolución y Orden*; es decir, a partir del 3 de abril de 2024. Por consiguiente, el peticionario tenía hasta el 3 de mayo

de 2024 para presentar su recurso. El peticionario, sin embargo, presentó el recurso de *certiorari* el 24 de mayo de 2024, más de veinte (20) días después.

En la medida en que el recurso de *certiorari* se presentó fuera del término de treinta (30) días con que contaba la parte peticionaria para acudir ante este Tribunal, carecemos de jurisdicción para adjudicarlo.

**IV.**

Por los fundamentos antes expuestos, se *desestima* el recurso de *certiorari* por tardío. Se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones